IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BANTHONY WALLS, Inmate #11584-026, )<br>    )<br>            Petitioner, )<br>    )<br>vs.   )<br>    )<br>DARLENE VELTRI, )<br>    )<br>            Respondent. ) | <br><br><br><br>CIVIL NO. 05-082-WDS |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In his petition, Petitioner indicates that he was convicted in 2000 of conspiracy to distribute a controlled substance in the Central District of Illinois and was sentenced to 288 months imprisonment. Petitioner sought and was denied habeas corpus relief in the sentencing court pursuant to 28 U.S.C. § 2255 in April 2002. The Seventh Circuit denied a certificate of appealability in July 2002. Petitioner now brings this action pursuant to section 2241 seeking release from federal custody.

Petitioner entered into a plea agreement with the government in which he waived his right to appeal his sentence or to file a collateral attack on his sentence via 28 U.S.C. § 2255. However, because *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was decided between the time Petitioner pleaded guilty and the time he was sentenced, the government and Petitioner agreed to add an exception to the waiver of appeal and collateral attack. Namely, they agreed that Plaintiff would be able to attack his sentence if it were later determined that *Apprendi* applied to the sentencing

guidelines as a whole. Plaintiff now argues that based on the Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005) coupled with *Apprendi*, he should be able to attack his sentence via 28 U.S.C. § 2241.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service. ***Respondent is directed to address specifically whether the stipulation in Petitioner's plea agreement encompasses this section 2241 action.***

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: October 19, 2005**

                                      **s/ WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**