IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BANTHONY WALLS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | Civil No.  **05-82-WDS** |
| ) | |
| **DARLENE VELTRI**[1]**,** ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

This Report and Recommendation regarding petitioner motion for summary judgment **(Doc. 8)** is respectfully submitted to U.S. District Judge William D. Stiehl, pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Petitioner Banthony Walls brings the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  **(Doc. 1).**  United States District Judge William D. Stiehl's threshold review raised questions about whether the stipulation in petitioner's plea agreement permits him to attack his sentence via Section 2241.  **(Doc. 3).**  Judge Stiehl ordered respondent to answer the petition and specifically address whether the plea agreement encompasses this Section 2241 action, all within 23 days of receipt of the petition.  **(Doc. 3).**  Petitioner now moves for summary judgment, arguing that respondent's answer was not timely filed, and that the undersigned magistrate judge lacked authority to grant respondent's tardy motion for an

---

[1]In accordance with Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the proper respondent to a petition is the state officer having custody of the applicant. The Court takes judicial notice that Darlene Veltri is no longer warden of the Federal Correctional Institution in Greenville, Illinois; Sarah Revell is now warden.  Therefore, in accordance with Federal Rule of Civil Procedure 25(d), Sarah Revell should be substituted as the respondent.

extension of that deadline.  **(Doc. 8).**  Petitioner also requests that the referral be revoked and all of the aforementioned issues be addressed by Judge Stiehl.  **(Doc. 8).**

As a preliminary matter, in accordance with 28 U.S.C. § 636(b)(1)(A), Local Rule 72.1(a)(2) and Rule 10 of the Rules Governing Section 2254 Cases in the United States District Courts, a district judge may refer any pretrial matter to a magistrate judge, without the consent of the parties.  In this case, Judge Stiehl made just such a referral.  **(Doc. 3).**  Therefore, respondent's motion for an extension of time to file an answer was within the prerogative of the undersigned magistrate judge.  Similarly, the undersigned magistrate judge has been authorized to issue a report and recommendation on the subject motion for summary judgment.  **(Doc. 3;** *see also* **Local Rule 72.1(a)(2) and (c)).**  In both situations, the parties are free to assert objections and/or "appeal" to the district judge– just as petitioner has done.  **28 U.S.C. § 636(b)(1)(A); Local Rules 73.1(a) and (b).**

Petitioner's motion for summary judgment is premised upon the notion that if respondent did not timely answer the petition, the petition is uncontested.  Petitioner initially asserts that respondent's motion for an extension of time to answer was itself not timely filed, and he was not served a copy of the motion.  Petitioner further argues that by any calculation the answer was not timely.  Petitioner's motion is baseless.

Failure to answer the petition, or to comply with a Court order do not necessarily guarantee the petition will be granted; default judgment is considered an extreme, disfavored remedy.  ***United States ex rel. Mattox v. Scott***, **507 F.2d 919, 924 (7th Cir. 1974).**  A motion for an extension of time is generally characterized as an ex parte matter which can be decided with or without motion and/or notice, and before or after the deadline originally prescribed.

**Fed.R.Civ.P. 6(b).** The motion does contain a certificate of service, so there is nothing to suggest respondent was attempting to keep petitioner in the dark about the motion. **(Doc. 6).** In any event, respondent filed a motion for an extension of time before the original deadline. **(Doc. 6).**

The order directing respondent to file an answer "within twenty-three (23) days of receipt" of the application for writ of habeas corpus was signed October 19, 2005, and docketed October 24, 2005; the order and application were served October 31, 2005. **(Docs. 3 and 5).** Therefore, respondent's answer was due on or before November 23, 2005, or November 28, 2005, if the "weekend" and "mailbox" rules are applied. *See* **Fed.R.Civ.P. 6.** Respondent's motion for an extension of time was filed November 17, 2005, well before the original deadline. **(Doc. 6).** The motion for an extension of time was granted on November 22, 2005, and a new deadline of December 16, 2005, was ordered. **(Doc. 7).** Respondent's answer was timely filed on December 16, 2005. **(Doc. 9).**

### Recommendation

For the aforementioned reasons, petitioner's motion for summary judgment and/or for reconsideration of the order granting respondent an extension of time to answer **(Doc. 8)** should be denied in all respects.

**Submitted: July 10, 2006**

> **S/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **July 27, 2006**.