## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BANTHONY WALLS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO.  05-CV-082-WDS** |
| | ) | |
| **SARAH REVELL,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**STIEHL, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In his petition, petitioner indicates that he was convicted in 2000 of conspiracy to distribute a controlled substance in the Central District of Illinois and was sentenced to 288 months of imprisonment, 5 years of supervised release, and a $100 special assessment. Petitioner sought and was denied habeas corpus relief in the sentencing pursuant to 28 U.S.C. § 2255 in April 2002. The Seventh Circuit denied a certificate of appealability in July 2002, finding no constitutional violation. Petitioner now brings this action pursuant to section 2241 seeking release from federal custody.

Petitioner entered into a plea agreement with the government in which he waived his right to appeal his sentence or to file a collateral attack on his sentence via 28 U.S.C. § 2255. However, because *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was decided between the time petitioner pleaded guilty and the time he was sentenced, the government and petitioner agreed to add an exception to the waiver of appeal and collateral attack. Namely, they agreed that petitioner would be able to attack his sentence if it were later determined that *Apprendi* applied to the sentencing guidelines as a whole. Petitioner now argues that based on the Supreme Court's rulings in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005), coupled with *Apprendi*, he should be able to attack his sentence via 28 U.S.C. § 2241. This section provides that the Court may issue a writ of habeas corpus except that:

(c) The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

In his petition, petitioner claims that his sentence is unconstitutional under the terms of *Apprendi*, *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), because he was sentenced under the sentencing guidelines. Petitioner was sentenced years before the January 12, 2005, decision in *Booker*, which determined that the sentencing guidelines are only advisory, and that defendants have a right to a jury trial on any disputed factual subject that increases the maximum punishment. *Booker* is not retroactive on collateral review. *McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005). However, petitioner argues that he is entitled to argue *Booker* through a petition for habeas relief pursuant to section 2241 because (1) his plea agreement allows him to collaterally attack his sentence since *Apprendi,* through *Booker,* now applies to the sentencing guidelines as a whole; (2) he has already made an unsuccessful petition pursuant to section 2255, and therefore he cannot present a second petition thereunder, rendering section 2255 an inadequate substitute for habeas review in his case; and (3) a Rule 60(b) motion would be ineffective because more than one year has passed since his conviction and sentence became final.

2

Respondent states that although petitioner's plea agreement allows him to collaterally attack his sentence to the extent that he raises a *Booker* claim, he should be considered by the Court to be in the same position as other defendants convicted prior to *Booker* that were sentenced under the guidelines and that did not waive the right to bring collateral attack. The Court agrees.

In paragraph 11 of his plea agreement, petitioner waived the right to attack his sentence through a section 2255 motion or any other form of collateral attack on any ground other than: (1) lack of jurisdiction, and (2) "a challenge to his sentence on the ground that *Apprendi* applies to the U.S. Sentencing Guidelines." The sentencing guidelines are no longer mandatory, but that does not entitle petitioner to relief. He may bring this collateral attack, but the exception carved out in his plea agreement does not guarantee him success. As stated above, *Booker* is not retroactive on collateral review, *McReynolds,* 397 F.3d at 480, and is therefore unavailable to petitioner.

Even if *Booker* were available to petitioner, this Court would be without jurisdiction to determine if petitioner's sentence was appropriate. The Seventh Circuit has held that when *Booker* applies, the sentencing court—in this case, the Central District of Illinois—should determine if it would impose petitioner's original sentence had the sentencing guidelines been merely advisory. *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005).

Also before the Court is a document entitled "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis." (Doc. 15). It appears this document was mistakenly filed in this Court and it is hereby **STRICKEN** from the record. Petitioner should file said document in the United States Court of Appeals for the Seventh Circuit.

Accordingly, the petition for writ of habeas corpus (Doc. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: May 16, 2007.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**